IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

OCT 3 0 2013

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| JAMES ASHLEY MAYER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:12-CV-855-A |
| | § | |
| WILLIAM STEPHENS, Director,[1] | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, James Ashley Mayer, a state prisoner in custody of the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against William Stephens, Director of TDCJ, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be denied.

---

[1]Effective June 1, 2013, William Stephens succeeded Rick Thaler as the Director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Pursuant to Rule 25 of the Federal Rules of Civil Procedure, Director Stephens is "automatically substituted as a party." Fed. R. Civ. P. 25(d).

## I.  Factual and Procedural History

In April 2006 petitioner was indicted in Tarrant County,
Texas, on two counts of aggravated sexual assault of a child and
two counts of indecency with a child in Case No. 1011247D.  (SHR[2]
at 206)  On August 10, 2007, a jury found petitioner guilty on
all counts, and the trial court sentenced him to life
imprisonment on each aggravated sexual assault count and twenty
years' imprisonment on each indecency count.  (SHR at 208-09)
Petitioner appealed, but the Second District Court of Appeals of
Texas affirmed the trial court's judgment, and the Texas Court of
Criminal Appeals refused petitioner's petition for discretionary
review.  (SHR at 210-26)  *Mayer v. State*, PDR No. 160-09.
Petitioner also filed a postconviction state habeas application
challenging his convictions, which the Texas Court of Criminal
Appeals denied without written order on the findings of the trial
court. (SHR Supp. at cover)  This federal petition followed.

In affirming the trial court's judgment, the appellate court
summarized the evidence as follows:

> The complainant, appellant's daughter, testified
> that appellant regularly touched her breasts and
> genitals, placed his tongue and mouth on her breasts

---

[2]"SHR" refers to the court record of petitioner's state
habeas application No. WR-77,097-01

2

and genitals, and penetrated her with his finger during an approximately three-year period when she was between eleven and fourteen years old. He also attempted to have vaginal intercourse with her, but according to complainant, he could not complete the act, and all that happened was "genital-to-genital" contact. During this time, appellant slept in the same bed as the complainant; he did these things when he thought she was asleep or when they were lying down in bed. Appellant's brother and stepsister corroborated the complainant's testimony that appellant and the complainant slept in the same bed; for a time, appellant's stepsister slept in the bed as well and her brother slept in the same room on the floor. However, both testified that they were heavy sleepers and do not recall anything happening between appellant and the complainant.

To highlight the inappropriate nature of the relationship between appellant and the complainant, the State offered evidence under article 38.37 of the code of criminal procedure, which the trial court admitted over appellant's objections. First, the complainant and her brother both testified about an argument between appellant and the complainant. During the argument, appellant slapped the complainant; when her brother tried to intervene, appellant pushed him into the wall. The complainant then pushed appellant down the nearby stairs. The next day, complainant's brother skipped school, and appellant kicked him out of the house.

Next, the complainant, her brother, and her former best friend testified that when the complainant was in the seventh grade, appellant gave her and her friends alcoholic beverages and that the complainant became intoxicated. Specifically, both the complainant and her former best friend, whom she had not seen since they were in the eighth grade, testified that appellant, a former bartender, made them "Buttery Nipple" shots and gave them wine coolers.

Finally, the trial court admitted evidence found

3

by police when they searched appellant's home: a story on a computer disk entitled "My First Child," which is a detailed, graphic account of the sexual assault of a child with the same first name as complainant by a perpetrator having the same first name as appellant. Although many of the details in the story are different from what the complainant testified to, some of the acts are similar.

(SHR at 211-13)

## II.  Issues

Petitioner raises one ground, in which he claims he received ineffective assistance of counsel on appeal.  (Pet. at 6)

## III.  Rule 5 Statement

Respondent believes that petitioner has exhausted his state court remedies as to the claim presented and that the petition is neither barred by limitations or subject to the successive-petition bar.  28 U.S.C. §§ 2244(d)(1), 2254(b)(1).  (Resp't Ans. at 5-6)

## IV.  Discussion

### *Legal Standard for Granting Habeas Corpus Relief*

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication:  (1) resulted in a decision

4

that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court.  28 U.S.C. § 2254(d).  A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).  A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

Further, federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485.  Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct.  28 U.S.C. § 2254(e)(1).  The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. *Id.* Typically, when the Texas Court of Criminal Appeals denies relief

in a state habeas corpus application without written order, it is
an adjudication on the merits, which is entitled to this
presumption. *See Singleton v. Johnson*, 178 F.3d 381, 384 (5th
Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App.
1997). Under these circumstances, a federal court may assume the
state court applied correct standards of federal law to the
facts, unless there is evidence that an incorrect standard was
applied. *Townsend v. Sain*, 372 U.S. 293, 314 (1963)[3]; *Catalan v.
Cockrell*, 315 F.3d 491, 493 n.3 (5th Cir. 2002); *Valdez*, 274 F.3d
at 948 n.11; *Goodwin v. Johnson*, 132 F.3d 162, 183 (5th Cir.
1997).

### *Ineffective Assistance of Counsel*

Petitioner claims his appellate counsel was ineffective by
failing "to raise an obviously meritorious Constitutional claim
that [the] trial court [erroneously] admitted evidence obtained
in violation of the 4[th] and 14[th] Amendment [of the] Federal
Constitution." (Pet. at 6) Petitioner claims he had an
expectation of privacy in his work issued laptop computer and —

> [t]he illegal warrantless search of the laptop produced
> an image which the detectives used for a probable cause

---

[3]The standards of *Townsend v. Sain* have been incorporated
into 28 U.S.C. § 2254(d). *Harris v. Oliver*, 645 F.2d 327, 330
n.2 (5th Cir. 1981).

search warrant for [his] home computer.  The search
warrant authorized a search for images only, yet the
forensic expert searched a CD ROM which contained text
files.  No image files existed in CD's directory and no
images were found on the disk.  However, the forensic
expert read the text files and provided some 20 text
files to detective Weber, some of which he reviewed.
One of the text files was SX34 [the story of "My First
Child"] which the State admitted into evidence before
the jury.

(Pet'r Mem. at 10)

At trial, outside the presence of the jury, the trial court

held a hearing on petitioner's motion to suppress the search of

the work laptop and the home computers as well as the seizure of

the CD containing the "My First Child" story, as violative of the

Fourth Amendment, the Texas Constitution, and state statutory law

and/or beyond the scope of the warrant.  (Clerk's R. at 39-40;

RR, vol. 6, at 53-55)  At the conclusion of the hearing, the

trial court denied petitioner's claims and determined that

petitioner, who denied writing the story, lacked standing to

complain of its admission and that, although the court suppressed

all other writings and petitioner's financial records on the CD,

the story, although greatly prejudicial, was admissible to prove

the element of intent.  (RR, vol. 6, at 181-83 & vol. 7, 15, 21-

23)

On appeal, appellate counsel challenged the admission of the

7

story only under Texas Rule of Evidence 404(b), and, relying solely on state law, the Second Court of Appeals addressed the issue, in relevant part, as follows:

> Appellant . . . complains about the admission of a typewritten graphic, detailed story depicting the sexual assault of a six-year-old girl with the same name as the complainant by a perpetrator with the same name as appellant. Police found the disk in appellant's home on a computer table, along with other personal items such as a cap and hunting knife, in a room that appeared to be appellant's office. Included on the disk were file folders with the names, "James A. Mayer," "Jim's," and "Jim's documents."

> The State offered the evidence to show appellant's "intent to arouse or gratify [his] sexual desire," a required element of the indecency counts under the statute and as alleged in the indictment. Appellant objected that the evidence was being offered solely to prove character conformity and that it was not admissible because appellant had not attempted to rebut any evidence of intent other than by placing the offense at issue by pleading not guilty. The trial court admitted the evidence because "of the similarities between the story and the offense now on trial and the fact that the [appellant] possessed it[, which] goes to show his intent."

> "Intent can be characterized as a contested issue for purposes of justifying the admission of extraneous offense evidence to help prove intent if the required intent for the primary offense cannot be inferred from the act itself or if the accused presents evidence to rebut the inference that the required intent existed." Extraneous evidence offered to prove intent is not relevant if the State's direct evidence clearly establishes the intent element and that evidence is not contradicted by appellant nor undermined by appellant's cross-examination of the State's witnesses. Additionally, after the defendant claims lack of

8

intent, it can no longer be inferred from other uncontested direct evidence, and the State may prove intent through extraneous acts under rule 404(b).

Here, appellant did not claim a lack of intent, nor did he inject it into the proceedings in any way, including during voir dire questioning. He did not testify or put on any evidence, and his counsel did not make an opening statement to the jury. Counsel's cross-examinations of witnesses were limited to confirming details of testimony and, for example, as to the physical confrontation, eliciting testimony that appellant's son had also skipped school the day he was kicked out of the house. The only evidence of intent in this case was elicited by the State on direct in the form of the complainant's description of appellant's acts, her opinion that they were intended to gratify his sexual desire, and her testimony that appellant had asked her to "flash" him her breasts and to pull down her pants so that he could see her "p----," but that he did so jokingly, so that she would think he was being playful. Accordingly, the 404(b) evidence was not admissible as a result of any claim by the defense of a lack of intent.

Moreover, here, appellant's intent was inferable from the acts themselves and the circumstances surrounding them. Accordingly, we conclude and hold that the trial court abused its discretion by admitting the story for purposes of showing appellant's intent to gratify his sexual desire. We must therefore determine if the admission of the evidence was harmful.

Error in the admission of evidence under rule 404(b) is nonconstitutional error governed by rule 44.2(b). Thus, we must review the entire record to determine if the error affected a substantial right of appellant's; a substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict.

Here, there is no denying that the story is prejudicial; it describes a fantasy about heinous acts

9

against a six-year-old girl in detail.  It was read to
the jury.  The State discussed the story during its
closing argument, emphasizing that "it speaks volumes"
that the story was entitled "My First Child" and the
complainant was appellant's first child, that the girl
in the story was prepubescent as was the complainant,
and that the names were the same.  But this argument
was also within the context of urging the jury to
consider the story as evidence of appellant's intent to
gratify his sexual desires.  In her closing argument,
defense counsel pointed out the vileness of the story
and specifically reminded the jury that it could not
convict based on the horrible nature of it and that it
had to "look at the evidence of what [the complainant]
told you, the witness and the facts of this case, to
discern whether you believe those allegations beyond
any reasonable doubt."  The remainder of her closing
argument focused on the complainant's credibility,
emphasizing the generalness of her testimony, the time
between the abuse and the complainant's outcry, and the
fact that she never tried to get away from appellant.
In rebuttal, the State argued in favor of the
complainant's credibility, then ended by discussing the
evidence showing that the story had to have been
appellant's and asked,

> [W]hat would any person have reason to have
> this kind of horrible, sick, twisted
> document, other than they wanted it.  I mean,
> there's nobody who would want this, other
> than somebody who abuses children or thinks
> about it.  And it just so happens to be that
> the names on this are [appellant] and [the
> complainant].  Isn't that a little bit too
> much coincidence now?

As appellant points out, there is no evidence that
he authored the story or that it is even about the
complainant.  But although the story describes some of
the acts testified to by the complainant, it describes
additional acts and involves strangers.  The defense
was able to cross-examine one of the detectives about
the circumstances surrounding the disk and that it was

10

not in a secure area. Defense counsel was also able to elicit testimony that the story was not located in any of the folders labeled James or Jim and that the detective did not know when the story was put on the disk. Thus, it is evident that the jury had before it the means to discern the difference between the complainant's testimony and the story here; even if it had believed appellant possessed the story as a fantasy, it is clearly not a description of what occurred between appellant and the complainant, at least how the complainant described their relationship.

The complainant's testimony in this case was clear and unequivocal. Although the defense described her testimony as lacking in detail, she described specific instances of misconduct by appellant-the "flashing," being "sneaky" by touching her while they were wrestling, trying to penetrate her one night - as well as a continuous pattern of touching her with his hands and mouth, and making her touch him, at night in bed. Her stepsister and brother corroborated her testimony that appellant routinely slept in the same bed with his daughter when she was between eleven and fourteen while her brother slept on the floor or in another room. And the State also presented other evidence that appellant did not have an appropriate relationship with his adolescent daughter.

Considering the entire record in this case and the nature and strength of the evidence supporting the verdict, we cannot say that the error, although undoubtedly troubling, had a substantial and injurious effect or influence in determining the jury's verdict.

(SHR at 218-25) (citations and footnotes omitted)

In his state habeas application, and now, petitioner asserts trial counsel prepared a record for an appellate challenge to the trial court's admission of the story under state evidentiary and constitutional law and federal constitutional law, but appellate

counsel raised only a state evidentiary violation issue in appellant's brief.[4]   (Pet'r Mem. at 10-11)   Petitioner argues that counsel should have challenged the admission of the story on Fourth Amendment grounds also because the search of his employer-owned computer violated his Fourth Amendment rights; the evidence obtained from the search of his work computer thus could not provide probable cause for the search warrant of his home computers, computer disks, and other items; the evidence obtained from the search of his home computers, computer disks, and other items was inadmissible as "fruits" of the claimed illegal search of his work computer; and, the evidence obtained from the search of his home computers, computer disks, and other items—specifically, the Word/text documents such as the story—exceeded the scope of the search warrant for images of child pornography.

A criminal defendant has a constitutional right to the effective assistance of counsel on a first appeal as of right.

---

[4]To the extent petitioner claims admission of the story violated state evidentiary law and/or his rights under the Texas Constitution, the claims are not cognizable in federal habeas review.  *See Bridge v. Lynaugh*, 838 F.2d 770, 772 (5th Cir. 1988) (errors of state law and procedure are not cognizable in federal habeas proceedings unless they result in violations of a federal constitutional fight).

U.S. Const. amend. VI, XIV; *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001) (applying the *Strickland* standard to ineffective assistance claims against appellate counsel).   To establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the appeal would have been different.   *Strickland*, 466 U.S. at 688.   Appellate counsel is not required to raise every conceivable argument urged by his client on appeal, regardless of merit.   *Smith v. Robbins,* 528 U.S. 259, 288 (2000).   It is counsel's duty to choose among potential issues, according to his judgment as to their merits.   *Jones v. Barnes,* 463 U.S. 745, 749 (1983).

The state habeas judge, who also presided over petitioner's trial, conducted a hearing by affidavit.   Counsel responded to petitioner's claim as follows:

> I was appointed appellate counsel for the Applicant in Number 1011247D.   I reviewed the entire record for this appeal and thereafter I prepared and filed a Brief in the Court of Appeals raising the only meritorious claim that I believed was presented by that record concerning the extraneous offense/unadjudicated acts of misconduct evidence offered at the trial which I felt would lead to a reversal of the Applicant's conviction herein.

> [T]he Applicant complains that I failed to raise
> the denial of the motion to suppress evidence as a
> point on appeal.  In light of the fact that the
> computer in question belonged to a third party I do not
> now and did not then believe that there was a valid
> complaint to an authorized employee of the company
> giving consent for search of the company's property
> even though it contained the Applicant's writings.  I
> considered such complaint and determined that it was
> not meritorious one in comparison to the error I did
> raise in the appeal brief.

(SHR at 122-23)

Finding petitioner's affidavit "credible and supported by

the record," the state habeas judge entered the following

relevant factual findings on the issue:

> 5.   Hon. Alley raised on direct appeal that the trial
>      court erred by admitting the following evidence
>      during the guilt/innocence phase of trial:
>      1.   Applicant gave alcoholic beverages to the
>           underage victim and friend;
>      2.   Applicant pushed his son into a wall during a
>           physical altercation between Applicant and
>           the victim;
>      3.   There was detailed story about the sexual
>           assault of a child that was found on a
>           computer disk in Applicant's home.
>
> 6.   Hon. Alley reviewed the entire record in
>      preparation for the appeal.
>
> 7.   Hon. Alley raised the only meritorious claim he
>      believed was supported by the record.
>
> 8.   The employment handbook of Applicant's employer
>      stated that the computer was for company use and
>      that his email could be accessed at any time
>      without notice.

14

9.  This Court denied Applicant's motion to suppress
    regarding the computer because Applicant had no
    reasonable expectation of privacy in his workplace
    computer.

10. This Court denied the motion to suppress the
    evidentiary search warrant because Applicant had
    no expectation of privacy in his workplace
    computer which provided the probable cause to
    search Applicant's home.

11. This Court denied the motion to suppress he
    writings on the basis that law enforcement was
    allowed to look at text documents that were
    relevant even though the warrant allowed them to
    search for images.

12. This Court found that because the story was not
    Applicant's personal writing, he did not have
    standing to contest the seizure on the basis that
    it was a personal writing.

13. Hon. Alley concluded that, because the computer
    belonged to a third party company, there was not a
    valid complaint to an authorized employee of the
    company giving consent to search the computer.

(SHR at 177-78) (citations to the record omitted)

Based on its findings, and applying the *Strickland* standard,

the state habeas court entered the following legal conclusions

and recommended denial of relief:

8.  An attorney is prohibited from raising claims on
    appeal that are not founded in the record.

9.  Because a lawyer is legally and ethically bound to
    not present patently false or spurious claims on
    appeal, an appellant does not have a
    constitutional right to require that counsel do
    so.

15

10. Trial court's decisions on motions to suppress are reviewed by deferring to the trial court's determination of historical facts that depend on credibility and de novo review of the trial court's application of the law.

11. Unreasonable search and seizures are unconstitutional under both the United States and Texas Constitutions.

12. Whether the defendant has a constitutionally protected reasonable expectation of privacy in the item searched and seized by the Government is the touchstone of the Fourth Amendment.

13. There can be no constitutional violation without an expectation of privacy.

14. Applicant has failed to prove that he had an expectation of privacy in his work computer.

15. Applicant has failed to prove that the search of the workplace computer violated Applicant's Fourth Amendment rights.

16. Applicant has failed to prove that there was no probable cause for the search warrant for Applicant's home.

17. Applicant has failed to prove that the search of Applicant's home was outside the scope of the search warrant.

18. Applicant has failed to prove that the record was sufficient to demonstrate that the trial court abused its discretion when denying his motion to suppress.

19. Applicant has failed to prove that counsel's representation was deficient because he did not raise on direct appeal that the trial court erred by denying his motion to suppress.

. . .

40.  Applicant has failed to prove that his appellate counsel's representation fell below an objective standard of reasonableness.

. . .

42.  Applicant has failed to show that there is a reasonable probability that the result of the appellate proceeding would have been different had counsel raised on direct appeal that the trial court abused its discretion by denying Applicant's motion to suppress.

(SHR at 183, 186) (citations omitted)   The Texas Court of Criminal Appeals followed the trial court's recommendation based on the trial court's findings.

Although *Stone v. Powell*, 428 U.S. 465, 486 (1976), precludes petitioner from obtaining federal habeas relief on an independent Fourth Amendment claim, *Stone* does not bar petitioner's ineffective assistance of counsel claim premised on counsel's failure to raise a Fourth Amendment issue.  *See Kimmelman v. Morrison,* 477 U.S. 365, 382-83 (1986).

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."  U.S. Const. amend. IV.  The touchstone of Fourth Amendment analysis is whether the defendant had a constitutionally protected reasonable expectation

of privacy in the item searched and seized by law enforcement.
*California v. Ciraolo,* 476 U.S. 207, 211 (1986); *United States v.
Slanina,* 283 F.3d 670, 675 (5th Cir. 2002).

Deferring to the state court's factual determinations, as we
must absent clear and convincing evidence in rebuttal, the state
courts' conclusion that petitioner did not have an objectively
reasonable expectation of privacy in his work computer was not
unreasonable under Supreme Court precedent. As application of
the Fourth Amendment hinges on finding an expectation of privacy,
there can be no constitutional violation without one. *Smith v.
Maryland,* 442 U.S. 735, 740 (1979).

Because evidence obtained from petitioner's work computer
was not tainted, that evidence supplied a "substantial basis for
determining the existence of probable cause" to search
petitioner's home computers, computers disks, and other items for
images of child pornography. *See Illinois v. Gates,* 462 U.S.
213, 239 (1983). Furthermore, as determined by the state habeas
court, the search did not exceed the scope of the search warrant.
*See, e.g., Maryland v. Garrison,* 480 U.S. 79, 84 (1987) ("the
scope of a lawful search is defined by the object of the search
and the places in which there is probable cause to believe it may
be found") (internal citation omitted); *United States v. Hill,*

18

459 F.3d 966, 978 (9th Cir. 2006) ("Images can be hidden in all manner of files, even word processing documents and spreadsheets.").

In summary, the state courts' adjudication of petitioner's ineffective assistance claim is not unreasonable nor is it contrary to or involve an unreasonable application of *Strickland*. Prejudice does not result from appellate counsel's failure to assert a meritless claim or argument. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Petitioner is not entitled to federal habeas relief.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a

constitutional right.

     SIGNED October ___30___, 2013.


_____
JOHN McBRYDE
UNITED STATES DISTRICT JUDGE